IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br>1299 Zurich Way<br>Schaumburg, IL 60196<br><br>               Plaintiff,<br><br>v.<br><br>UIP COMPANIES LLC<br>140 Q Street, NE, Suite 140B<br>Washington, DC 20002<br><br>STEVEN F. SCHWAT<br>4518 Drummond Avenue<br>Chevy Chase, MD 20815<br><br>PETER J. BONNELL<br>2400 16th Street, NW<br>Apt. 707<br>Washington, DC 20009<br><br>STEPHEN E. COX<br>9608 Hillridge Drive<br>Kensington, MD 20898-3120<br><br>SCHWAT REALTY LLC<br>4518 Drummond Avenue<br>Chevy Chase, MD 20815<br><br>MARION COSTER<br>1025 Eldorado Avenue<br>Clearwater, FL 33767<br><br>               Defendants. | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Zurich American Insurance Company ("Zurich"), by and through undersigned counsel, hereby alleges as its complaint as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action in which Zurich seeks a declaration that it is not obligated to provide insurance coverage to defendants in connection with three underlying lawsuits filed against certain of the defendants.

2. Zurich issued two claims-made and reported liability insurance policies to Defendant UIP Companies LLC ("UIP"). In March 2019, UIP first gave notice to Zurich of three underlying lawsuits that had been commenced against UIP and its affiliated individuals in June, August and March 2018. Zurich was later provided with documents evidencing communications between the parties to the underlying lawsuits regarding their dispute dating back to 2017. Zurich denied coverage for the three lawsuits on the basis, among other things, that the "Claim" as defined in the policies was not first made and reported to Zurich pursuant to the requirements of the policies issued by Zurich. Zurich seeks a declaration that no coverage is available for any of the underlying lawsuits, as well as alternative relief.

## THE PARTIES

3. Zurich is an insurance company organized and existing under the laws of New York with a principal place of business in Schaumburg, Illinois.

4. Defendant UIP is a Delaware limited liability company having a principal place of business in the District of Columbia. The only members of UIP are Marion Coster, Schwat Realty LLC and Peter Bonnell.

5. Defendant Steven F. Schwat ("Schwat") is a beneficial owner of UIP and is a resident and citizen of Maryland. Upon information and belief, the ownership interest in UIP controlled by Schwat is owned by Schwat Realty LLC, of which Schwat is the sole member. Schwat is the President and Chairman of the Board of Directors of UIP.

6. Defendant Schwat Realty LLC ("Schwat Realty") is a limited liability company organized and existing under the laws of the District of Columbia with a principal place of business in the District of Columbia.

7. Defendant Peter J. Bonnell ("Bonnell") is a member of UIP and is a resident and citizen of the District of Columbia. Bonnell is a member of the Board of Directors of UIP.

8. Defendant Stephen E. Cox ("Cox") is a member of the Board of Directors and the Chief Financial Officer and Secretary of UIP, and is a resident and citizen of Maryland.

9. Defendants UIP, Schwat, Bonnell and Cox are collectively referred to as the "UIP Insureds."

10. Coster is a member of UIP and is a citizen and resident of Florida. Zurich has named Coster as she is the underlying claimant against the other Defendants and Coster's claims have been submitted by the UIP Insureds to Zurich for coverage. Zurich names Coster as a defendant to bind her to the judgment in this action.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Zurich is a citizen of New York with a principal place of business in Illinois. UIP is a Delaware limited liability company having a principal place of business in the District of Columbia. The only members of UIP are citizens and residents of the District of Columbia, Maryland and Florida. The remaining defendants are citizens and residents of either the District of Columbia and Maryland. As such, there is complete diversity of citizenship, as no defendant is a citizen or resident of either New York or Illinois. The amount in controversy exceeds $75,000 in value exclusive of interest and costs. The UIP Insureds named as defendants have sought insurance coverage from Zurich in connection with underlying matters that seek damages in excess of

$5,000,000 and have also sought reimbursement for attorneys' fees and costs in excess of $600,000.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that several defendants reside and/or have their principal places of business in this District, and a substantial portion of the events giving rise to this action took place in this District.

## BACKGROUND FACTS

### A.     The Zurich Policies

13.     Zurich issued to UIP a Private Company Select Insurance Policy bearing policy number MPL 0233632-01 for the Policy Period March 1, 2017 to March 1, 2018 (the "2017 Policy").

14.     The 2017 Policy is a "claims-made and reported" policy and potentially applies only to a "Claim" first made during the "Policy Period" for a "Wrongful Act" as those terms are defined in the 2017 Policy.

15.     Zurich issued to UIP a Private Company Select Insurance Policy bearing policy number MPL 0233632-02 for the Policy Period March 1, 2018 to March 1, 2019 (the "2018 Policy").

16.     The 2018 Policy is a "claims-made and reported" policy and potentially applies only to a "Claim" first made during the "Policy Period" for a "Wrongful Act" as those terms are defined in the 2018 Policy.

### B.     The Underlying Claim

17.     On or about March 8, 2019, UIP gave first notice to Zurich of three lawsuits that had been filed against UIP and certain of the UIP Insureds, specifically:

      a.    *Marion Coster v. UIP Companies, Inc., Steven Schwat, and Schwat Realty, LLC*, Case No. 2018-0440 filed in Delaware Chancery Court (the "Custodian Action");

      b.    *Marion Coster, for herself and derivatively on behalf of UIP Companies, Inc. v. Steven Schwat, Peter Bonnell, Bonnell Realty, LLC, Stephen Cox, and nominal defendant UIP Companies, Inc.*, Case No. 2018-0622 filed in Delaware Chancery Court (the "Stock Action"); and

      c.    *<u>Marion Coster, for herself and derivatively on behalf of UIP Companies, Inc. v. Steven F. Schwat, Peter J. Bonnell, Stephen E. Cox, Schwat Realty, LLC. and nominal defendant UIP Companies, Inc</u>*., Case No. 1:18-cv-01995 filed in the United States District Court for the District of Columbia (the "Federal Court Action").

(The Custodian Action, the Stock Action and the Federal Court Action are collectively referred to as the "Underlying Actions.")

18. The Custodian Action was filed on June 15, 2018.

19. The Stock Action was filed on August 22, 2018.

20. The Federal Court Action was filed on August 24, 2018.

21. Upon information and belief, the Custodian Action and the Stock Action were consolidated by the Delaware Chancery Court.

22. At the time that the UIP Insureds first gave notice to Zurich of the Underlying Actions in March 2019, the consolidated Custodian and Stock Action was scheduled for trial in April 2019.

**C.**    **<u>Zurich's Denial of Coverage</u>**

23. By letter dated April 15, 2019 to Bonnell, Zurich reserved its rights in connection with the Custodian Action, the Stock Action and the Federal Court Action and requested additional information in order to continue its investigation of these matters.

24. On or about April 28, 2019 and May 10, 2019, UIP provided Zurich with additional information concerning the claims asserted against the UIP Insureds by Coster.

25. By letter dated June 21, 2019, Zurich advised UIP that no coverage existed for the Underlying Actions under the Zurich Policy and that Zurich would neither defend nor indemnify the UIP Insureds in connection with the Underlying Actions.

26. An actual case or controversy exists between the parties.

**COUNT I**
**(Declaratory Relief)**

27. Zurich repeats and realleges each and every allegation contained in paragraphs 1 through 26 hereof as if specifically asserted herein.

28. The Insuring Clauses of the 2018 Policy provide in part as follows:

    A.    INSURED PERSON LIABILITY COVERAGE

        The Underwriter shall pay on behalf of the Insured Persons all Loss for which the Insured Persons are not indemnified by the Company and which the Insured Persons become legally obligated to pay on account of any Claim first made against them, individually or otherwise, during the Policy Period or the Extended Reporting Period or Run-Off Coverage Period, if exercised, for a Wrongful Act taking place before or during the Policy Period, subject to the applicable Limits of Liability set forth in Items 2 and 6 of the Declarations.

    B.    COMPANY REIMBURSEMENT COVERAGE

        The Underwriter shall pay on behalf of the Company all Loss for which the Company grants indemnification to the Insured Persons, as permitted or required by law, and which the Insured Persons have become legally obligated to pay on account of any Claim first made against them, individually or otherwise, during the Policy Period or the Extended Reporting Period or Run-Off Coverage Period, if exercised, for a Wrongful Act taking place before or during

the Policy Period, subject to the applicable Limits of Liability set forth in Items 2 and 6 of the Declarations.

 C. COMPANY LIABILITY COVERAGE

The Underwriter shall pay on behalf of the Company all Loss for which the Company becomes legally obligated to pay on account of a Claim first made against the Company during the Policy Period or the Extended Reporting Period or Run-Off Coverage Period, if exercised, for a Wrongful Act taking place before or during the Policy Period, subject to the applicable Limits of Liability set forth in Items 2 and 6 of the Declarations.

29. The 2018 Policy defines "Claim" as follows:

 A. Claim means:

  1. a written demand against any Insured for monetary damages or non-monetary or injunctive relief commenced by the lnsured's receipt of such demand, including a written demand that the Insured toll or waive a statute of limitations;

  2. a civil proceeding against any Insured commenced by the service of a complaint or similar pleading;

  3. a criminal proceeding against any Insured commenced by a return of an indictment, information or similar document;

  4. an administrative or regulatory proceeding against any Insured commenced by the filing of a notice of charges or similar document;

  5. a civil, criminal, administrative or regulatory investigation of any Insured Person commenced by the service upon or other receipt by the Insured Person of a target letter or other written notice from the investigating authority identifying by name the Insured Person as an individual against whom a proceeding may be commenced;

  6. an official request for the Extradition of any Insured Person or the execution of a warrant for the arrest of

      any Insured Person where such execution is an element of Extradition; or

7. an arbitration or mediation proceeding against any Insured; for a Wrongful Act, including any appeal therefrom; or

8. solely with respect to Insuring Clause A and Insuring Clause D, any request, demand or subpoena by a regulatory, administrative, governmental or similar authority to interview or depose an Insured Person, or for the production of documents by an Insured Person, in his or her capacity as such.

30. Section III.D of the General Terms and Conditions of the 2017 Policy and the 2018 Policy provides as follows:

    D. Single Claims

    All Claims under the Liability Coverage Parts which arise out of the same Wrongful Act and all Interrelated Wrongful Acts of Insureds shall be deemed one Claim, and such Claim shall be deemed to be first made on the date the earliest of such Claims is first made against any Insured, regardless of whether such date is before or during the Policy Period.

31. Section VIII.A.1 of the 2017 Policy and the 2018 Policy, as amended by Endorsement 1, provides as follows:

    As a condition precedent to their rights under any Liability Coverage Part, the Insureds shall give to the Underwriter written notice of any Claim made against the Insureds as soon as practicable after the Policyholder's Executive Officer and/or chief financial officer first learns of such Claim, but in no event later than (i) ninety (90) days after expiration of the Policy Period, or (ii) the expiration of the Extended Reporting Period or Run-Off Coverage Period, if exercised.

32. The term "Interrelated Wrongful Acts" is defined in the 2018 Policy and the 2017 Policy as "all Wrongful Acts that have as a common nexus any fact, circumstance, situation,

event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes."

33. On or about August 17, 2017, Coster, through her counsel, sent a letter to, among others, UIP concerning Coster's rights and interests in UIP.

34. Subsequent to August 17, 2017, Coster and UIP engaged in further communications about the issues raised in the August 17, 2017 letter.

35. On February 15, 2018, Coster, through her counsel, sent a written communication by email to counsel for UIP, Schwat, Bonnell and Heath Wilkinson, with the heading "**Inadmissible Settlement Communication—For Settlement Purposes Only.**"

36. The August 17, 2017 letter was a "Claim" as defined in the 2017 Policy and the 2018 Policy.

37. The February 15, 2018 email communication was a "Claim" as defined in the 2017 Policy and the 2018 Policy.

38. The August 17, 2018 letter, February 15, 2018 email, Custodian Action, Stock Action and Federal Court Action constitute a single "Claim" (referred to herein as the "Coster Claim") pursuant to Section III.D of the 2018 Policy.

39. The Coster Claim was first made against the UIP Insureds on August 17, 2017 but no later than February 15, 2018.

40. The Coster Claim was first made during the Policy Period of the 2017 Policy.

41. The Coster Claim was not a Claim first made during the Policy Period of the 2018 Policy.

42. Pursuant to Section VIII.A.1 of the 2017 Policy, the UIP Insureds were required, as a condition precedent to coverage, to give notice to Zurich of the Coster Claim and the

Underlying Actions as soon as practicable after UIP's Executive Officer and/or chief financial officer first learns of such Claim, but in no event later than ninety (90) days after expiration of the Policy Period.

43. At all relevant times, Schwat was the President and Chairman of the Board of UIP and, as such, was the "Executive Officer" of UIP as that term is defined in the 2017 Policy and the 2018 Policy.

44. UIP and the UIP Insureds failed to report the Coster Claim to Zurich pursuant to the requirements of the 2017 Policy.

45. UIP and the UIP Insureds failed to satisfy a condition precedent to coverage under the 2017 Policy.

46. Based on the foregoing, Zurich is entitled to a declaration that it has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Coster Claim, including the Underlying Actions, under either the 2017 Policy or the 2018 Policy.

**COUNT II**
**(Declaratory Relief)**

47. Zurich repeats and realleges each and every allegation contained in paragraphs 1 through 45 hereof as if specifically asserted herein.

48. In connection with the issuance of the 2018 Policy, UIP submitted an application to Zurich for that policy (the "Application").

49. Paragraph 7 of the Application inquired as follows:

> Does any Insured Person know of any act, error, omission, or other circumstance which could reasonably give rise to a claim being made against any Insured under the proposed insurance?
> (if "Yes", attach details)

50. UIP responded "No" to Paragraph 7.

51.   Paragraph 7 of the Application also states:

> Without prejudice to any of the Underwriter's rights or remedies, it is understood and agreed that if such act, error, omission or circumstance exists, whether or not disclosed, any Claim arising therefrom or related thereto shall be excluded from coverage under the proposed insurance.

52.   The Application was dated February 25, 2018 and was signed by Bonnell on behalf of UIP and all prospective "Insureds" under the proposed policy.

53.   The Application provided that it shall be deemed to be attached to and form a part of the policy if issued.

54.   UIP failed to disclose any act, error, omission, or other circumstance that could reasonably be expected to give rise to a Claim in response to Paragraph 7 of the Application.

55.   As of the date of the Application, Schwat and Bonnell, among other Insured Persons as defined in the 2018 Policy, were aware of an act, error, omission, or other circumstance that could reasonably be expected to give rise to a Claim.

56.   In the alternative to Count I of this Complaint and in the event the Underlying Actions are determined to be a Claim first made during the Policy Period of the 2018 Policy, coverage for such actions is excluded pursuant to Paragraph 7 of the Application.

57.   Based on the foregoing, Zurich is entitled to a declaration that it has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Coster Claim and the Underlying Actions under the 2018 Policy.

**COUNT III**
**(Declaratory Relief)**

58.   Zurich repeats and realleges each and every allegation contained in paragraphs 1 through 57 hereof as if specifically asserted herein.

59. Schwat was the Executive Officer of UIP as that term is defined in the 2018 Policy at all times between June 15, 2018 and the present.

60. Schwat was named as a defendant in each of the Custodian Action, the Stock Action and the Federal Court Action.

61. Schwat was served with the summons and complaint in each of the Custodian Action, the Stock Action and the Federal Court Action and/or agreed to waive service of process in each of the Custodian Action, the Stock Action and the Federal Court Action.

62. Cox was the Chief Financial Officer of UIP at all times from June 15 through the present.

63. Cox was named as a defendant in the Stock Action and the Federal Court Action.

64. Cox was served with the summons and complaint in the Stock Action and the Federal Court Action and/or agreed to waive service of process in the Stock Action and the Federal Court Action.

65. UIP and the UIP Insureds failed to give notice to Zurich of the Custodian Action, Stock Action and Federal Court Action as soon as practicable after UIP's Executive Officer and/or chief financial officer first learned of those lawsuits.

66. UIP and the UIP Insureds failed to satisfy a condition precedent to coverage under the 2018 Policy.

67. In the alternative to Counts I and II, and in the event it is determined that the Underlying Actions constitute a Claim first made during the Policy Period of the 2018 Policy, no coverage exists under the 2018 Policy because the UIP Insureds failed to report the Underlying Actions to Zurich pursuant to the requirements of the 2018 Policy.

68. Based on the foregoing, Zurich is entitled to a declaration that it has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Underlying Actions under the 2018 Policy.

### COUNT IV
### (Declaratory Relief)

69. Zurich repeats and realleges each and every allegation contained in paragraphs 1 through 57 hereof as if specifically asserted herein.

70. The Insuring Clauses of the 2018 Policy only potentially provide coverage for a Claim for a Wrongful Act.

71. The Custodian Action does not allege any Wrongful Act as defined in the 2018 Policy.

72. In the alternative to Counts I, II and III of this Complaint and in the event the Underlying Actions are determined to be a Claim first made during the Policy Period of the 2018 Policy, no coverage exists for the Custodian Action because it is not a Claim for a Wrongful Act.

73. Based on the foregoing, Zurich is entitled to a declaration that it has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Custodian Action under the 2018 Policy.

### COUNT V
### (Declaratory Relief)

74. Zurich repeats and realleges each and every allegation contained in paragraphs 1 through 73 hereof as if specifically asserted herein.

75. Section VII.A.2 of the 2018 Policy provides in part as follows:

   2.   Without limiting the Underwriter's right to defend any Claim:

        a.        The Insureds agree not to offer to settle or to settle any Claim, incur any Defense Costs or otherwise assume any contractual obligation, admit any liability or stipulate to any judgment with respect to any Claim without the Underwriter's written consent, which shall not be unreasonably withheld. The Underwriter shall not be liable for or as a result of any offer to settle, settlement, Defense Costs, assumed obligation, admission or stipulated judgment to which it has not given its prior consent.

76.    The UIP Insureds incurred attorneys' fees and costs in connection with the Coster Claim and the defense of the Underlying Actions before they gave first notice to Zurich of the Underlying Actions or the Coster Claim.

77.    The UIP Insureds did not seek or obtain Zurich's written consent to incur any Defense Costs in connection with the Coster Claim or the Underlying Actions prior to March 8, 2019.

78.    In the alternative to Counts I-IV of this Complaint and in the event the Underlying Actions are determined to be a Claim first made during the Policy Period of the 2018 Policy, Zurich is entitled to a declaration that it has no obligation to pay any Defense Costs, as that term is defined in the 2018 Policy, incurred by the UIP Insureds in connection with the Coster Claim and the Underlying Actions prior to the time that the UIP Insureds gave notice of the Underlying Actions to Zurich and obtained Zurich's written consent to incur Defense Costs.

79.    Based on the foregoing, Zurich is entitled to a declaration that it has no obligation to pay any Defense Costs in connection with the Coster Claim and the Underlying Actions prior to the UIP Insureds providing Zurich with first notice of the Underlying Actions and obtaining Zurich's written consent to incur Defense Costs.

**REQUEST FOR RELIEF**

Plaintiff Zurich requests that this Court grant the following relief:

A. On Count I, declaring that Zurich has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Coster Claim and the Underlying Actions under either the 2017 Policy or the 2018 Policy;

B. On Count II, in the alternative, declaring that Zurich has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Coster Claim and the Underlying Actions under the 2018 Policy;

C. On Count III, declaring that Zurich has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Underlying Actions under the 2018 Policy;

D. On Count IV, in the alternative, declaring that Zurich has no obligation to provide coverage or to defend or indemnify any of the UIP Insureds in connection with the Custodian Action under the 2018 Policy;

E. On Count V, in the alternative, declaring that Zurich has no obligation to pay any Defense Costs in connection with the Coster Claim and the Underlying Actions prior to the UIP Insureds providing Zurich with first notice of the Underlying Actions and obtaining Zurich's written consent to incur Defense Costs; and

F. any other, further and different relief as this Court deems just and proper, including but not limiting to awarding Zurich its costs in this action.

## **JURY DEMAND**

Plaintiff Zurich hereby demands a jury trial on all issues so triable.

Dated: June 21, 2019                               ROPERS, MAJESKI, KOHN & BENTLEY, P.C.

                                                By:   /s/ *Andrew L. Margulis*
                                                      Andrew L. Margulis (DC Bar No. 1048141)
                                                      750 Third Avenue, 25th Floor
                                                      New York, New York   10017
                                                      Tel. (212) 668-5927
                                                      Fax: (212) 668-5929
                                                      andrew.margulis@rmkb.com